**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALI OMAR POLK,

          Petitioner - Appellant,

  v.

KATHLEEN DICKINSON, Warden,

          Respondent - Appellee.

No. 12-17268

D.C. No. 4:10-cv-05529-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: NOONAN, NGUYEN, and WATFORD, Circuit Judges.

**1.** Ali Polk argues that the state court committed several legal errors in its

consideration of his claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), and

*J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127 (1994). We need not decide whether

any of these alleged errors resulted in a decision that is "contrary to" clearly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

established Supreme Court precedent, 28 U.S.C. § 2254(d)(1), because the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2). The state court erred in finding that Polk had not established a prima facie case of discrimination, despite the prosecutor's suspicious pattern of peremptory strikes targeting women. That evidence alone was sufficient to support "an inference that discrimination ha[d] occurred." *Johnson v. California*, 545 U.S. 162, 170 (2005). We are thus "unencumbered by the deference AEDPA normally requires." *Panetti v. Quarterman*, 551 U.S. 930, 948 (2007).

**2.** We need not discuss the first two steps of the *Batson* inquiry because, upon de novo review, we agree with the district court that Polk has failed to carry his burden of showing "purposeful discrimination" at step three of the analysis. *Batson*, 476 U.S. at 98.

We begin by acknowledging that not all of the prosecutor's reasons for striking the challenged female jurors were persuasive. For example, the prosecutor stated that he struck Ms. Kingkaiser in part because she was a teacher, even though in actuality she had been employed as a standardized test tutor for only one week. Similarly, the prosecutor stated that he struck Dr. Singh because she had once been detained by police for twelve hours on a charge that was later dropped, which, the

prosecutor said, would likely leave Singh "something less than . . . pro prosecution." But the prosecutor did not strike male jurors who had spent time in police custody, including one male juror who had also been detained before charges were dropped.

Nonetheless, for each of the four challenged jurors, the prosecutor offered a persuasive, gender-neutral reason for exercising a peremptory strike. *See Purkett v. Elem*, 514 U.S. 765, 768 (1995) (per curiam). The prosecutor stated that he struck Kingkaiser in part because of her involvement with Amnesty International. He explained that he generally found members of such rights-oriented organizations more likely to "identify or sympathize with the defense." The prosecutor struck Singh in part because her sister was a public defender with whom Singh spoke regarding public defense work. He expressed concern that this experience would make Singh unsympathetic to the prosecution. The prosecutor struck Ms. Amster in part because of an "odd dialogue" she had with him during voir dire regarding an individual she knew who had shot someone. Finally, the prosecutor struck Ms. Montgomery in part because of her involvement in a dispute with the prosecutor's own office over child support obligations.

In light of the totality of the relevant circumstances, *see Miller-El v. Dretke*, 545 U.S. 231, 251–52 (2005), including the pattern and number of strikes

exercised against women, we cannot say that the prosecutor's stated reasons for striking these jurors were pretextual. We agree with the district court that, despite a few exceptions, the prosecutor's explanations overall "were consistent with and logically based upon the prospective jurors' remarks in their jury questionnaires and during voir dire." Like the district court, we reach that conclusion after conducting our own comparative juror analysis.

**AFFIRMED.**